UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Helen Faye Gerald, | ) | C/A No. 4:15-cv-00288-CMC-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Mullins Police Department, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

This is a civil action civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.     Factual Background

Plaintiff alleges that the Mullins Police Department refused to properly investigate her report of her house being "broken into" and that officers of the Department (who are not named as Defendants) refused to assist her when they were called to her home because her son was "breaking all [her] property. . . ." Compl. 3, ECF No. 1. Plaintiff further alleges that she has been "harassed" by an unnamed officer when she was "talking with a friend . . . ." *Id*. at 4. Plaintiff asserts that "[h]arassment has come from the City department and prior administrator after being concern [sic] only of my civil rights." She does not refer to any specific civil right that she believes was violated by Defendant and the only relief she requests is for "justice to become forward . . . ." *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Hence, under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under

this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.     Discussion

The Plaintiff's Complaint is subject to summary dismissal without service on Defendant because the Plaintiff does not have any constitutional right to, or, in fact, any judicially cognizable interest in, the prosecution or non-prosecution of another person. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (*applying Linda R.S. v. Richard D.* and collecting cases); *Doyle v. Ok. State Bar Ass'n*, 998 F.2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F.2d 598, 600 (5th Cir. 1970). Also, several federal courts have held that, in absence of allegations that protective services such as criminal investigations and charges are being withheld *solely* for an illegally discriminatory reason, a private citizen, such as Plaintiff, may not recover damages or other relief under 42 U.S.C. § 1983[1] based on the failure of law enforcement or prosecuting authorities to charge or prosecute other private citizens criminally. *See, e.g.*, *McKee v. City of Rockwall*, 877 F.2d 409, 418 (5th Cir. 1989) ("Although there is no general constitutional right to police protection, the state may not discriminate in providing such protection"; plaintiff victim of assault could arguably sustain equal protection claim for inadequacy of police protection *only upon proof* that non-arrest of perpetrator was result of discrimination against protected class); *Watson v. City of Kansas City, Kansas*, 857 F.2d 690, 694 (10th Cir. 1988) ("Although there is no general constitutional right to

---

[1] Plaintiff does not allege any specific legal basis for her claims; however, liberally construing the pleading, it appears that the only possible federal statute that might provide this court with subject-matter jurisdiction over her complaint is § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

police protection, the state may not discriminate in providing such protection."); *Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993) ("Long ago the courts of these United States established that 'criminal statutes cannot be enforced by civil actions.'"); *Johnson v. Craft*, 673 F. Supp. 191, 193 (S.D. Miss. 1987) ("there appears to be no federal constitutional right to have criminal wrongdoers brought to justice").

As the Seventh Circuit Court of Appeals explained:

[T]here is no constitutional right to be protected by the state against being murdered [or otherwise injured] by criminals or madmen. It is monstrous if the state fails to protect its residents against such predators *but it does not violate the due process clause of the Fourteenth Amendment or, we suppose, any other provision of the Constitution*. The Constitution is a charter of negative liberties; it tells the state to let people alone; it does not require the federal government or the state to provide services, even so elementary a service as maintaining law and order. *Discrimination in providing protection against private violence could of course violate the equal protection clause of the Fourteenth Amendment. But that is not alleged here*. All that is alleged is a failure to protect [the plaintiff] and others like her from a dangerous madman, and as the State of Illinois has no federal constitutional duty to provide such protection its failure to do so is not actionable under section 1983.

*Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982) (emphasis added).

Also closely on point is *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981), which arose in South Carolina. In *Leeke*, the Supreme Court of the United States reiterated its earlier holding in *Linda R.S. v. Richard D.*, and ruled that a private citizen lacks a judicially cognizable interest in the criminal prosecution of other persons. *See* 454 U.S. at 86-87. It is elemental that "[s]ection 1983 imposes liability on anyone who under color of state law 'subjects . . . any citizen . . . or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . ,' and thus applies *only* if there is a deprivation of a constitutional right." *Bowers v. DeVito*, 686 F.2d at 618 (emphasis added) (citing to *Baker v. McCollan*, 443 U.S. 137,

146-47 (1979); *Paul v. Davis*, 424 U.S. 693, 699-701 (1976); and *Bonner v. Coughlin*, 545 F.2d 565, 567, 569 (7th Cir. 1976)).

Although Plaintiff uses the term "civil rights" in the "relief" section of her pleading and alleges that she was subjected to "harassment" from unnamed City of Mullins officials, ECF No. 1 at 5, she does not allege that Defendant refused to investigate her reports of criminal activity in violation of any specific civil right. Essentially, Plaintiff's allegations show only that she is concerned over the way Defendant conducts its business in Mullins and wants this court to do something about it. She does not indicate what it is that she would like for the court to do, however. The authorities cited and discussed above make clear that private citizens have no federal constitutional right to have any other individual charged with a crime, and that such claims routinely fail unless a valid equal-protection or substantive due-process claim based on invidious, class-based discrimination is stated. A close and careful examination of the allegations contained in the Plaintiff's Complaint does not disclose any reference to any specific federal constitutional or statutory rights allegedly violated by Defendant's inaction, nor are there any factual allegations showing Defendant failed or refused to act because of racial, religious, gender, or other illegal discrimination. Thus, no federal cause of action under § 1983 is stated, even under the most liberal construction of the Complaint in this case.

Additionally, even if Plaintiff had alleged a plausible § 1983 claim for discriminatory denial of police services, her Complaint would still be subject to summary dismissal because she has not named a Defendant who can be found liable under that statute. To state a plausible claim for relief under § 1983, an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. §

1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person." Municipal and county police departments and bureaus are generally not considered "persons" within the meaning of 42 U.S.C. § 1983. This view is in accord with the majority of courts that have addressed this issue. *See, e.g.*, *United States v. Kama*, 394 F.3d 1236, 1239-40 (9th Cir. 2005); *Dean v. Barber*, 951 F.2d 1210, 1214-15 (11th Cir. 1992); *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 163-64 (D. Conn. 2005); *Stump v. Gates*, 777 F. Supp. 808, 815-16 (D. Colo. 1991); *Hoffman v. Hunt*, 845 F. Supp. 340, 344 n.1 (W.D.N.C. 1994); *PBA Local No. 38 v. Woodbridge Police Dep't*, 832 F. Supp. 808, 825-26 (D.N.J. 1993); *Johnson v. City of Erie*, 834 F. Supp. 873, 878-79 (W.D. Pa.1993); *Hall v. Neal*, No. 5:04-CV-65-OC-10GRJ, 2006 WL 462600, at *3 (M.D. Fla. Feb.27, 2006); *Shilling v. Brush*, No. 4:05-CV-871, 2005 WL 2100707, at *3 (M.D. Pa. Aug. 26, 2005).

IV.     Recommendation

Accordingly, it is recommended that Plaintiff's Complaint be dismissed *without prejudice*. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

March 9, 2015     Kaymani D. West
Florence, South Carolina     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).